GABRIELLE M. WOODWORTH ET AL v. GERTRUDE G. PECK

SUPERIOR COURT        MIDDLESEX COUNTY        FILE No. 9885

Memorandum filed January 20, 1948.

*Carmody, Larkin* and *Torrance,* of Waterbury, for the Plaintiff.

*John Kidney,* of Clinton, for the Defendant.

INGLIS, J. This is an action for an injunction restraining the defendant from going forward with the construction of two cottages. The defendant owns a tract of land with a frontage of 150 feet on the westerly side of Waterside Lane in Clinton and with a depth averaging about 300 feet. There are on that property a dwelling house, a garage with upstairs apartment and, to the rear of that, a line of four cottages, each about eighteen by twenty-four feet in size with a porch. These cottages run in a curved line with a space of about ten feet between them. The ones at each end of the line were fully constructed

in the spring of 1947. Construction of the other two was started in the latter part of November, 1947, and has progressed to a point where they are completely closed in and nothing remains to be done except the interior finish. It is the completion of these latter two cottages which is sought to be enjoined. Each of these two cottages will cost approximately $2500, exclusive of land value, and consists of a livingroom, two bedrooms, a kitchenette and a porch. The defendant's property is located within 300 feet of the shore of Long Island Sound, and it is her intention to rent the two cottages in question, as she has the other two in the past, as furnished shore cottages. She hopes to rent each cottage to a single family for each summer season, but failing that, she will rent for any period of not less than two weeks.

On April 25, 1947, the selectmen of the town of Clinton, purporting to act under the authority of § 89c, General Statutes, Cum. Sup. 1935, adopted an ordinance which reads as follows:

"1. The zone affected hereby includes all land, bounded northerly by East Main Street, southerly by Clinton Harbor and the Hammock River, easterly and westerly 500 feet from the right of way on Waterside Lane, where access to the land is from Waterside Lane.

"2. Within this zone no commercial or business structures or buildings, including advertising signs or billboards, may be erected."

In the town of Clinton there is no general zoning, and, with the exeception of a similar zone at Clinton Beach, the zone established by this ordinance is the only zone set up in the town under § 89c. The neighborhood in which the defendant's property is located is, with the exception of two properties, purely residential. Some of the houses are used as year-round residences and others only as summer residences. Some are occupied by their owners and others are rented to tenants. The plaintiffs are owners of various properties located in the immediate neighborhood.

There are three questions involved in the case. They are, first, whether the cottages in question are commercial or business structures within the terms of the ordinance; second, whether the ordinance is valid; and third, whether the plaintiffs will suffer any special damage so that they are in a position to maintain this action.

The first question is one of interpretation of the ordinance, i. e., what is intended by the terms "commercial or business structure or buildings." It is fundamental that such an ordin-ance must be construed in the light of the purposes of which it is intended to accomplish. That purpose in this case was clearly to perpetuate the locality in question as a residential neighborhood.

With that in mind, it is not necessary to split hairs as be-tween the words "commercial" and "business." It is quite apparent that the combination of the two is intended to apply to every use outside of residential in the broadest sense of that word. That is, the two words in combination refer to enter-prises which are either mercantile, industrial or professional or in which services are sold. In the case of an ordinance such as the one under consideration, the terms might well extend to in-clude the business of operating a hotel or rooming house but certainly they could go no further than that into the area covered by the word "residence."

In zoning matters generally, the word "residence" or the words "residential purpose" have a commonly accepted mean-ing. They certainly are not restricted to owner-occupied property. They include all property occupied for living quarters, whether the occupants are owners or tenants of the owners. The distinction between tennants and lodgers is clear. If one hires and takes the exclusive possession, use and care of certain rooms, he is a tenant thereof rather than a roomer or lodger. *Matthews* v. *Livingston,* 86 Conn. 263, 267. So, al-though the operation of a lodging or rooming house may be a business, that is clearly distinguishable from an undertaking which consists simply of owning real estate and renting por-tions of it out to tenants who during their tenancy have ex-clusive possession thereof. The latter sort of enterprise is not a commercial or business enterprise in the commonly accepted use of the terms. Nor is a building which is designed to be rented out to tenants for living purposes, under the circum-stances in which those tenants shall, during their tenancy, have the exclusive possession and use of the rooms which have been rented to them, a commercial or business structure as those words are used in the ordinance.

The two buildings involved in this case are clearly designed for rental to tenants for periods of two weeks or more, during which those tenants will be expected to care for the interior

thereof and shall respectively have the exclusive right of possession. It is therefore concluded that they do not fall within the definition of "commercial or business structures or buildings," which are prescribed by the ordinance.

That conclusion having been reached, it is not necessary to pass upon either of the other two questions which have been raised in the case by the defendant.

Judgment may enter for the defendant to recover her taxable costs.